

1  DENNIS K. BURKE
   United States Attorney
2  District of Arizona
   ANN DEMARAIS
3  Assistant U.S. Attorney
   405 West Congress Street
4  Suite 4800
   Tucson, Arizona 85701-5040
5  Telephone: (520) 620-7300
   Attorneys for Plaintiff
6

7               UNITED STATES DISTRICT COURT

8                    DISTRICT OF ARIZONA

9
   United States of America,          )    CR 10-01491- TUC-RCC (DTF)
10                                     )
                    Plaintiff,         )
11                                     )
            vs.                        )    PLEA AGREEMENT
12                                     )
   Juan Carlos Torres-Caudillo,        )
13                                     )
                                       )
14                  Defendant.         )
                                       )
15

16       The United States of America and defendant agree to the following disposition of this

17  matter:

18       1.  Defendant agrees to plead guilty to Count 1 of the the indictment  charging the

19  defendant with  assault on a federal officer in  violation of Title 18 United States Code

20  Section 111(a)(1) and (b).

21       2.  The parties agree that the possible punishment is incarceration for not more than

22  twenty (20) years, a fine of not more than $250,000 and a supervised release term of not

23  more than three (3) years .

24       3.  Pursuant to Title 18, United States Code, Section 3013, the defendant shall pay a

25  special assessment of $100.00.  The special assessment is due and payable at the time the

26  defendant enters the plea of guilty, but in no event shall be paid later than the time of

                                        1

1  sentencing unless the defendant is indigent.   If the defendant is indigent, the special

2  assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18,

3  United States Code.

4    4. The defendant recognizes that pleading guilty may have consequences with respect

5  to his immigration status if defendant is not a citizen of the United States.  Under federal law,

6  a broad range of crimes are removable offenses, including the offense(s) to which defendant

7  is pleading guilty.   Removal and other immigration consequences are the subject of a

8  separate proceeding, however, and defendant understands that no one, including defendant's

9  attorney or the district court, can predict to a certainty the effect of defendant's conviction

10  on defendant's immigration status.  Defendant nevertheless affirms that he wants to plead

11  guilty regardless of any immigration consequences that this plea may entail, even if the

12  consequence is defendant's automatic removal from the United States.

13    5.   Pursuant to Rule 11(e)(1) (c),   *Federal Rules of Criminal Procedure*, the

14  government and the defendant stipulate and agree that the defendant's sentence shall be as

15  follows:

16    **15** months of imprisonment if defendant's criminal History Category is II, , Zone D

17  sentencing option only;

18    **18**  months of imprisonment if defendant's Criminal History Category is III, Zone D

19  sentencing options only;

20    **24** months of imprisonment if defendant's Criminal History Category is IV, Zone D

21  sentencing options only;

22    **30** months of imprisonment if defendant's Criminal History Category is V, Zone D

23  sentencing options only;

24    **33** months of imprisonment if defendant's Criminal History Category is VI, Zone D

25  sentencing options only.

26

1    Both the defendant and the government may move to withdraw from this agreement
2  if defendant not sentenced in accordance to this agreement.  **Further, the government**
3  **reserves the right to withdraw from this agreement if the defendant is deemed to be a**
4  **Career Offender by the presentence report writer pursuant to U.S.S.G. § 4B1.1.**

5    The government agrees to dismiss counts 2 and 3 of the indictment at the time of
6  sentencing.

7    6. If  the Court, after reviewing this plea agreement, concludes any provision is
8  inappropriate, it may reject the plea agreement, giving the defendant, in accordance with Rule
9  11(e)(4), *Federal Rules of Criminal Procedure*, an opportunity to withdraw defendant's
10  guilty plea.

11    7.  The defendant and the government agree that this agreement does <u>not</u> in any
12  manner restrict the actions of the government in any other district or bind any other United
13  States Attorney's Office.

14    8.  The defendant hereby waives any and all motions, defenses, probable cause
15  determinations, and objections which defendant could assert to the indictment or to the
16  Court's entry of judgment against the defendant and imposition of sentence upon the
17  defendant consistent with this agreement.  The defendant further waives: (1) any right to
18  appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition
19  of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence
20  appeals); and (3) any right to collaterally attack defendant's conviction and sentence under
21  Title 28, United States Code, Section 2255.   If defendant files a notice of appeal,
22  notwithstanding this agreement, defendant agrees that this case shall be remanded to the
23  district court to determine whether defendant is in breach of this agreement and, if so, to
24  permit the United States to withdraw from the plea agreement.

25    9. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any
26  court in a later proceeding, the government will be free to prosecute the defendant for all

3

charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as the delay occasioned by the later proceedings.

10.  The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

(a) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

(b) All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

(c) All history of drug abuse which would warrant a treatment condition as part of sentencing.

(d) All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

11.  Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the

4

1   assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable

2   doubt.

3          I agree to enter my guilty plea as indicated above on the terms and conditions set forth

4   in this agreement.

5          I have been advised by my attorney of the nature of the charge to which I am entering

6   my guilty plea.  I have further been advised by my attorney of the nature and range of the

7   possible sentence, and I will not be able to withdraw my guilty plea if I am dissatisfied with

8   the sentence the court imposes.

9          My guilty plea is not the result of force, threats, assurance or promises other than the

10  promises contained in this agreement.  I agree to the provisions of this agreement as a

11  voluntary act on my part, rather than at the direction of or because of the recommendation

12  of any other person, and I agree to be bound according to its provisions.  I agree that my

13  Sentencing Guidelines range referred to herein or discussed with my attorney is not binding

14  on the Court and is merely an estimate.

15         I agree that this written plea agreement contains all the terms and conditions of my

16  plea and that promises made by anyone (including my attorney) that are not contained within

17  this written plea agreement are without force and effect and are null and void.

18         I am satisfied that my defense attorney has represented me in a competent manner.

19         I am not now on or under the influence of any drug, medication, liquor, or other

20  intoxicant or depressant, which would impair my ability to fully understand the terms and

21  conditions of this plea agreement.

22                     ELEMENTS OF THE 111(a)(1) OFFENSE              JCTC ab

23         1.     The defendant did intentionally and forcibly assault, resist, oppose, impede,

24  intimidate, and interfere with a federal officer.                        AFH

25         2.     The defendant did so while the federal officer was engaged in his official

26  duties.

1       3.      Further, the act involved physical contact.

2

3                              FACTUAL BASIS

4      I further agree that the following facts accurately describe my conduct in connection

5 with the offense to which I am pleading guilty and that if this matter were to proceed to trial,

6 the government could prove those facts beyond a reasonable doubt:

7

8                 On or about April 25, 2010, I Juan Carlos Torres-Caudillo, was an
inmate at the Bureau of Prisons Facility in Safford.  I intentionally punched

9 Federal Corrections Officer Wayne Elie in the right side of his face causing an
injury, bruising. At the time of the incident Elie was an officer of the United

10 States engaged in his  official duties.

11  *8-31-10*

12      Date                                     Juan Carlos Torres-Caudillo

13

14          DEFENSE ATTORNEY'S APPROVAL AND ACCEPTANCE

15      I have discussed this case and the plea agreement with my client in detail and have

16 advised the defendant of all matters within the scope of Rule 11, Fed.R.Crim.P., the

17 constitutional and other rights of an accused, the factual basis for and the nature of the

18 offense to which the guilty plea will be entered, possible defenses, and the consequences of

19 the guilty plea.  No assurances, promises, or representations have been given to me or to the

20 defendant by the government or by any of its representatives which are not contained in this

21 written agreement.  I concur in the entry of the plea as indicated above and on the terms and

22 conditions set forth in this agreement as in the best interests of my client.  I agree to make

23 a bona fide effort to ensure that the guilty plea is entered in accordance with all the

24 requirements of Rule 11, Fed.R.Crim.P.

25

26

1    I translated or caused to be translated this agreement from English into Spanish to the

2    defendant on the _____ 31st _____ day of _____ August _____, 2010.

3    _____ 8·31-10 _____                    _____ Adrian E Hall _____
4    Date                                   Andrian Hall
                                            Attorney for Defendant
5

6

7              GOVERNMENT'S APPROVAL AND ACCEPTANCE
8
         I have reviewed this matter and the plea agreement.  I agree on behalf of the United
9    States

10   that the terms and conditions set forth are appropriate and are in the best interests of justice.

11
                                           DENNIS K. BURKE
12                                         United States Attorney
                                           District of Arizona
13

14   _____ 8/31/10 _____                    _____
15                                         Ann DeMarais
                                           Assistant United States Attorney
16

17

18

19

20

21

22

23

24

25

26

                                    7